UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED HUSSAINI, et al.,<br><br>                                    Plaintiffs,<br><br>v.<br><br>TSUNAMI VR, INC.,<br><br>                                    Defendant. | Case No.:  21-cv-0667-H(BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL**<br><br>**[ECF No. 43]** |

On March 4, 2022, Plaintiffs filed a Motion to Compel Production of Discovery and Defendant's Attendance of Deposition and Costs and Fees.  ECF No. 43-1 ("MTC").  On March 12, 2022, Defendant Tsunami VR, Inc. filed their opposition to Plaintiffs' motion.  ECF No. 45 ("Oppo.").  For the reasons set forth below, Plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART**.

### DISCOVERY RELATED BACKGROUND

On November 12, 2021, Plaintiffs served on Defendant a First Set of Requests for the Production of Documents and Things seeking 27 categories of documents and a First Set of Interrogatories.  ECF No. 43-2, Declaration of Lauren Valli ("Valli Decl.") at 2; see also ECF Nos. 43-3; 43-4.  On December 13, 2021, Defendant served responses to Plaintiffs' discovery.  Valli Decl. at 2; ECF Nos. 43-5; 43-6.  On December 17, 2021, Plaintiffs advised Defendant in a letter

1  that its responses were generally deficient and requested to meet and confer with Defendant

2  via teleconference.  Valli Decl. at 2; ECF No. 43-7.  On December 22, 2021, Plaintiffs' counsel,

3  Ms. Lauren Valli, and Defendant's counsel, Mr. Jonathan Choi, met and conferred regarding the

4  discovery disputes, including Request for Production of Document ("RFP") No. 2, Interrogatory

5  ("ROG") No. 3, and RFP No. 23.[1]  Valli Decl. at 2.  On January 6, 2022, Defendant served

6  supplemental responses that did not address the discovery at issue now.  Valli Decl. at 3; ECF

7  Nos. 43-10; 43-11.   On January 12, 2022, Plaintiffs' counsel emailed Defendant's counsel

8  reminding him that responses for RFP Nos. 2 and 23, and ROG No. 3 had not been produced,

9  and additionally requested Defendant produce documents and communications relating to

10  certain checks, wires, and funds referenced in its production of documents.  Valli Decl. at 3; ECF

11  No. 43-13.  Defendant produced five months of bank statements on February 5, 2022.  Valli

12  Decl. at 4-5; ECF Nos. 43-14; 43-15; 43-16.  On February 9, 2022, during a telephonic meet

13  and confer between the parties, Defendant advised Plaintiffs that it was unwilling to provide any

14  additional financial documents.  Valli Decl. at 4.  Defendant served third and fourth supplemental

15  responses to various RFPs, including RFP No. 23, on February 14, 2022 and February 23, 2022,

16  respectively.  Valli Decl. at 4; ECF Nos. 43-17; 43-18.

17      On February 21, 2022, Plaintiffs served a third amended deposition notice on Defendant.

18  Valli Decl. at 5; ECF No. 43-20.  On the day of the deposition, February 24, 2022, Riverson

19  Leonard, Defendant's corporate representative, "woke up with an immense pain in [his] tooth

20  and mouth." ECF No. 45-1, Declaration of Riverson Leonard, ("Leonard Decl.") at 1.  Mr. Leonard

21  appeared for the virtual deposition but was in great pain and had difficulty speaking so the

22  deposition was terminated after approximately 25-45 minutes.  Id. at 1-2; Valli Decl. at 5.  The

23

24

25  [1] RFP No. 2 seeks "[a]ll tax returns and profit and loss statements of Defendant Tsunami." ECF No. 43-3 at 8.  ROG No. 3 states "[d]escribe Defendant Tsunami's revenue, gross profits, and net profits from January 2019 to the present."  ECF No. 43-4 at 6.  RFP No. 23 seeks "[a]ll documents and Communications concerning Tsunami's budget for the years 2020 and 2021, including any earmarks for the purchase of the <university.com> domain name."  ECF No. 43-3 at 9.

26

27

28

1  parties agreed to reschedule the deposition for February 28, 2022. Valli Decl. at 5. On Saturday,

2  February 26th, Mr. Leonard began to feel sick. Leonard Decl. at 2. The illness continued on

3  Sunday so at 7:00 p.m. PST, he texted his lawyer. Id. At approximately 11:24 p.m. EST,

4  defense counsel emailed Plaintiffs' counsel and advised her that Mr. Leonard was sick and unable

5  to sit for the deposition. Valli Decl. at 5; ECF No. 43-22. At approximately 9:30 a.m. EST the

6  following morning, Plaintiffs' counsel responded and told Defendant's counsel that the deposition

7  was going forward. Valli Decl. at 5. Defendant's counsel contacted Mr. Leonard who confirmed

8  that he was too sick to be deposed. Id.; Leonard Decl. at 2-3. It was too late to cancel the

9  court reporter, so Plaintiffs' counsel noted on the record Defendant's non-appearance. Valli

10 Decl. at 6; ECF Nos. 42-43

11                                    **LEGAL STANDARD**

12        The scope of discovery under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") is defined

13 as follows:

14

15        Parties may obtain discovery regarding any nonprivileged matter that is relevant
          to any party's claim or defense and proportional to the needs of the case,
16        considering the importance of the issues at stake in the action, the amount in
          controversy, the parties' relative access to relevant information, the parties'
17        resources, the importance of the discovery in resolving the issues, and whether
          the burden or expense of the proposed discovery outweighs its likely benefit.
18        Information within this scope of discovery need not be admissible in evidence to
19        be discoverable.

20

21 Fed. R. Civ. P. 26(b)(1). District courts have broad discretion to determine relevancy for

22 discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002); see also Surfvivor

23 Media v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005) (same); U.S. Fidelity and Guar. Co.

24 v. Lee Investments L.L.C., 641 F.3d 1126, 1136 (9th Cir. 2011) ("District courts have wide

25 latitude in controlling discovery, and [their] rulings will not be overturned in the absence of a

26 clear abuse of discretion.") (internal quotation and citations omitted). District courts also have

27 broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing

28 that courts must limit discovery where the party seeking the discovery "has had ample

21-cv-0667-H(BLM)

1 | opportunity to obtain the information by discovery in the action" or where the proposed

2 | discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that

3 | is more convenient, less burdensome or less expensive," or where it "is outside the scope

4 | permitted by Rule 26(b)(1)").

5 |       A party may request the production of any document within the scope of Rule 26(b).

6 | Fed. R. Civ. P. 34(a).  "For each item or category, the response must either state that inspection

7 | and related activities will be permitted as requested or state with specificity the grounds for

8 | objecting to the request, including the reasons."  Id. at 34(b)(2)(B).  The responding party is

9 | responsible for all items in "the responding party's possession, custody, or control."  Id. at

10 | 34(a)(1).  Actual possession, custody or control is not required.  Rather, "[a] party may be

11 | ordered to produce a document in the possession of a non-party entity if that party has a legal

12 | right to obtain the document or has control over the entity who is in possession of the

13 | document."  Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995).

14 |       "[A] federal court sitting under diversity jurisdiction in California will apply California law

15 | as to the right of privacy."  Madrigal v. Allstate Indem. Co., No. CV 14-4242 SS, 2015 WL

16 | 12746225, at *6 (C.D. Cal. Apr. 22, 2015); see also Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78-

17 | 80 (1938).  "To resolve privacy objections to a discovery request, courts must balance the need

18 | for the information sought against the privacy right asserted."  Martin v. Dos Amigos, No.

19 | 17cv1943-LAB(LL), 2019 WL 669791, at *2 (S.D. Cal. Feb. 19, 2019) (citation and quotation

20 | marks omitted).  "When conducting this balancing test, court may cure any outstanding privacy

21 | concerns by granting discovery subject to an appropriate protective order."  Id.; see also Textron

22 | Fin. Corp. v. Gallegos, No. 15CV1678-LAB (DHB), 2016 WL 4077505, at *4 (S.D. Cal. Aug. 1,

23 | 2016) (finding a party's concerns about financial privacy can be addressed through an

24 | appropriate protective order); Applied Med. Distribution Corp. v. Ah Sung Int'l Inc., 2015 WL

25 | 12910698, at *3; In re Heritage Bond Litig., No. CV 02-1475-DT(RCX), 2004 WL 1970058, at

26 | *5, n.12 (C.D. Cal. July 23, 2004) ("Any privacy concerns [] defendants have in their bank

27 | records and related financial statements are adequately protected by the protective order, and

28 | are not sufficient to prevent production in this matter.").  Tax documents are treated as

1  privileged.  Weingarten v. Superior Court, 102 Cal.App.4th 268 (2002).  "The privilege will not

2  be upheld when (1) the circumstances indicate an intentional waiver of the privilege; (2) the

3  gravamen of the lawsuit is inconsistent with the privilege; or (3) a public policy greater than that

4  of the confidentiality of tax returns is involved."  Id. at 274.

5  **DISCUSSION**

6  In this case, Plaintiffs seek to recover damages resulting from an alleged breach of a

7  written contract and promissory note to purchase the domain name <university.com>.  MTC at

8  6; see also ECF No. 35, First Amended Complaint ("FAC").  In their motion, Plaintiffs seek to

9  compel Defendant to produce documents and information regarding Defendant's financial

10  situation, including tax returns, profit and loss statements, and various checks, wires or funds

11  referenced in documents Defendant produced in discovery.  MTC at 7, 15, n. 3.  Plaintiffs also

12  seek an order compelling Defendant to be deposed, and for Defendant to be sanctioned for the

13  costs associated with the cancelled depositions and for preparing the instant motion to compel.

14  Id. at 16-17.

15  Defendant argues that Plaintiffs' motion should be denied because it is untimely under

16  the Court's Chamber Rules.  Oppo at 1-2.  Defendant also argues that the requested documents

17  are not relevant and that Defendant's privacy interest in the financial information outweighs

18  Plaintiffs' need for the information.  Id. at 2-5.  Finally, Defendant argues that it should not be

19  sanctioned in any way because it engaged in discovery in good faith and its failure to be deposed

20  was not an effort to evade questioning.  Id. at 5-7.

21  **A.     Timeliness**

22  The Court's Chambers Rules clearly state:

23

24  All discovery motions must be filed within 30 days of the event giving rise to the
dispute and only after counsel have met and conferred and communicated with
25  the Court as set forth above.  The event giving rise to the dispute is NOT the date
on which counsel reach an impasse in their meet and confer efforts.  For written
26  discovery, the event giving rise to the dispute is the service of the initial response
or production of documents, or the passage of the due date without a response or
27

28

5

21-cv-0667-H(BLM)

document production.[2]

In addition, the Court warned the parties in the scheduling order that "[a] failure to comply [with Judge Major's procedures for resolving discovery disputes] will result in a waiver of a party's discovery issue.  Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court."  ECF No. 29 at 3.

The event giving rise to the dispute surrounding RFP Nos. 2 and 23 and ROG No. 3 occurred on December 13, 2021, because this is the date Defendant served its initial responses and objections to Plaintiffs' first set of RFPs and ROGs.  See ECF Nos. 43-5; 43-6.  Accordingly, the deadline for filing a motion to compel further response was January 12, 2022.  Plaintiffs did not comply with this deadline.  In fact, the parties did not contact the Court to address the dispute until February 15, 2022 [ECF No. 40], sixty-four (64) days after the event giving rise to the dispute.  See ECF Nos. 43-5; 43-6; 43-7.

The Court acknowledges that Plaintiffs' counsel attempted to resolve this discovery dispute multiple times through meet and confer efforts, emails, and a letter.  See Valli Decl. at 2-6.  However, meet and confer efforts do not extend the filing deadline.  See Judge Major's Chambers Rules § V.E. and ECF No. 29 at 3.  Similarly, the fact that Defendant served supplemental responses does not extend the deadline for filing a motion to compel.  Allowing the parties to delay the deadline based upon meet and confer efforts or supplemental responses would undermine, if not eliminate, the goal of timely discovery.  See Stoba v. Saveology.com, LLC, WL 5040024, at *5 (S.D. Cal. Aug. 26, 2015) (quoting Guzman v. Bridgepoint Educ., Inc., 2014 WL 3407242, at *4 (S.D. Cal. July 10, 2014) (affirming the Magistrate Judge's calculation for the plaintiffs' motion to compel deadline by explaining that "the 30-day clock would never begin to run as long as the opposing party continued to amend or supplement earlier responses."); In re Ameranth Cases, 2018 WL 1744494, at *2 (S.D. Cal. Apr. 11, 2018) (explaining that if a Court were to accept the proposition that a request to supplement discovery

---

[2] Honorable Barbara Lynn Major U.S. Magistrate Judge, Chambers Rules-Civil Cases § V.E. (hereinafter "Judge Major's Chambers Rules"), https://www.casd.uscourts.gov/judges/major/docs/Chambers%20Rules%20Civil.pdf.

21-cv-0667-H(BLM)

restarts the clock on a motion to compel deadline, "[t]his would render the Court's deadline meaningless," because "a party could resurrect an untimely discovery dispute from the grave simply by demanding … supplemental discovery responses."). As a result, Plaintiff's motion to compel further responses to RFP Nos. 2 and 23 and ROG No. 3 violates the rules of this Court and is **DENIED** as untimely. See Stoba, 2015 WL 5040024, at *6 (affirming a Magistrate Judge's decision, which denied as untimely the plaintiff's joint motion to compel further written responses, based on the Magistrate Judge's chambers rules); Guzman v. Bridgepoint Educ., Inc., 2014 WL 3407242, at *4 (S.D. Cal. July 10, 2014) (denying a joint motion to extend the thirty-day period to bring a discovery dispute—as required by chambers rules—because submission of the joint motion to extend the thirty-day period was untimely); Mir v. Kirchmeyer, 2017 WL 164086, at *4 (S.D. Cal. Jan 17, 2017) (noting that it is "well within … [a Magistrate Judge's] discretion to reject" a party's discovery motion as untimely when the party fails to comply with chambers rules); Linlor v. Chase BankCard Servs., Inc., 2018 WL 3611102, at *4 (S.D. Cal. July 23, 2018) (denying an ex parte application to compel supplemental discovery "for failure to comply with Chambers' Rule[s].").

## B.     Production of Documents

Plaintiffs' motion to compel is untimely and the Court will not consider the full range of documents that Plaintiffs are seeking. However, some of the documents sought by Plaintiffs, which Defendant refused to produce, go to the heart of this dispute and fundamental fairness dictates that Defendant produce them despite Plaintiffs' untimely motion. See Williams v. Diaz, 338 Fed. Appx. 725, 727 (9th Cir. 2009) (trial courts are vested with broad discretion to permit or deny discovery) (citation omitted).

In the identified discovery requests, Plaintiffs are seeking information regarding Defendant's financial situation. Plaintiffs assert that on February 21, 2020, Defendant entered into a Sales Agreement and Promissory Note in which Defendant agreed to make payments to Plaintiff Hussaini in the amount of $1.1 million and to Plaintiff VPN.com in the amount of $66,000 for the purchase of the <university.com> domain name. FAC at 2-3; Mot. at 6. Plaintiffs further assert that Defendant made one payment of $15,000 in March 2020 and repeatedly represented

1   to Plaintiffs that it wanted to purchase the domain name and was going to make the additional

2   payments.  FAC at 4; MTC at 15.  Plaintiffs allege that the final payment was due on July 12,

3   2021.  FAC at 4.  Plaintiffs state that the requested documents are relevant to damages and to

4   "substantiate repeated claims by Defendant during the course of the entire transaction with

5   Plaintiffs that it had the means to finance this deal."  MTC at 15.

6        Defendant explains that it only has one bank account (Chase Bank account ending in

7   3679) and that it produced five monthly statements covering April 1, 2020 to August 31, 2020.

8   Oppo. at 4.  Defendant argues that this is the relevant time period as it covers the "(1) the first

9   (defaulted) payment of $85,000, which was due on April 1, 2020 and continuing to (2) the Notice

10   of Breach, which was submitted on September 11, 2020."  Id.  Defendant redacted all

11   information in the bank statements, other than "the amounts of debits, withdrawals, and

12   beginning and ending balances."  Id.  Defendant argues that the redacted information would

13   reveal "sensitive information about the company's activities."  Id.  Defendant does not explain

14   why the protective order entered in this case does not adequately protect Defendant's financial

15   information other than to state it refused to produce the documents pursuant to the terms of

16   the protective order and that it "opted to fully protect its financial documents to unnecessary

17   and burdensome disclosure, as it is entitled."  Id. at 5.  Defendant also does not address

18   Plaintiffs' request for the checks, wires and funds referenced in the documents produced by

19   Defendant and identified in emails between counsel.  Oppo.

20        The Court disagrees with Defendant's analysis.  The Court finds that the relevant time

21   period is February 1, 2020 to July 31, 2021, which covers the date the parties entered into the

22   agreement (February 21, 2020) and the date of the last payment under what Plaintiffs allege

23   was a ratified agreement (July 21, 2021).  The Court also finds that the existing protective order

24   will adequately protect Defendant's financial information. Finally, the Court finds that

25   Defendant's financial information is relevant to the claims and defenses asserted in this litigation

26   and that the documents the Court is ordering to be produced are proportional to the needs of

27   the case.  Accordingly, Defendant is **ORDERED** to produce the following documents to Plaintiffs

28   by **March 29, 2022**: (1) unredacted copies of Defendant's monthly bank statements from

1    February 1, 2020 to July 21, 2021; (2) all profit and loss statements from February 1, 2020 to

2    July 21, 2021 (unredacted); and (3) all checks, wires or funds referenced in discovery produced

3    by Defendant or identified in email correspondence between counsel, including Plaintiffs'

4    counsel's January 12, 2022 email.  Defendant may produce the documents pursuant to the terms

5    of the protective order.  Defendant is not required to produce any tax returns.  Defendant also

6    is not required to supplement its response to ROG No. 3, but Plaintiffs may ask Defendant during

7    its deposition about the substance contained in ROG No. 3.

8              **C.      Deposition of Defendant and Request for Sanctions**

9          Plaintiffs move to compel Defendant's deposition and argue that Defendant's failure to

10   appear for the two scheduled depositions was an unjustified attempt to evade Plaintiffs'

11   questioning, and as such, Defendant should be sanctioned for the costs Plaintiffs incurred for

12   the depositions.  MTC at 17.  Defendant is willing to be deposed but Defendant argues that it

13   should not be sanctioned for the two prior depositions because Mr. Leonard's cancellations were

14   not in bad faith or intentional attempts to evade being deposed.  Oppo. at 6-7; see also Leonard

15   Decl. at 3.

16         The Federal Rules of Civil Procedure state that a court may impose sanctions if "a party

17   […] fails, after being served with proper notice, to appear for that person's deposition[.]"  Fed.

18   R. Civ. P. 37(d)(1)(A)(i).  Under Rule 37, a failure by a party to appear at their deposition will

19   result in sanctions unless the failure "was substantially justified or other circumstances make an

20   award of expenses unjust."  Fed. R. Civ. P. 37(d)(3).  Possible Rule 37 sanctions range from

21   payment of expenses and attorney's fees to dismissal of the action in whole.  Fed. R. Civ. P. 37.

22         Here, Mr. Leonard provided a declaration with supporting documentation establishing

23   that he had a toothache on February 24, 2022, the date of the first deposition, and gastro-

24   intestinal issues on the days preceding the second deposition on February 28, 2022.  Leonard

25   Decl.  However, Mr. Leonard did not see a dentist after the first deposition and admitted that

26   he also was annoyed by problems associated with the deposition.  Id. at 2.  While generally the

27   cancellation of a single deposition due to medical emergencies does not warrant an award of

28   expenses against the deponent, the circumstances surrounding Mr. Leonard's deposition

21-cv-0667-H(BLM)

1  cancellations dictate that Defendant pay the court reporter costs incurred by Plaintiff for the first

2  deposition.   Plaintiffs' additional request for "attorney's fees in connection with counsel's

3  preparation for and attendance at the depositions" is **DENIED**.

4        Plaintiff provided Defendant with the court reporter invoice, which totaled $1,046.40.

5  Valli. Decl. at 6; see also ECF No. 43-23.  Defendant is **ORDERED** to pay that amount to Plaintiffs

6  by **April 1, 2022**.  Defendant is **ORDERED** to file a declaration verifying said payment no later

7  than **April 6, 2022**.  Failure to comply with this order may result in the imposition of additional

8  sanctions.

9        Defendant's deposition must be completed by **April 8, 2022**.  If counsel for the parties

10  are unable to agree on a date for the deposition, counsel must notify the Court in writing by

11  **March 28, 2022** and the Court will choose a date.

12        **D.    Additional Sanctions**

13        Plaintiffs also seek sanctions for "fees related to making this motion."  MTC at 12-14.

14  Rule 37 states that if a motion to compel further discovery is granted in part and denied in part,

15  the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for

16  the motion."  Fed. R. Civ. P. 37(a)(5)(C).  If a motion to compel is denied, Rule 37 authorizes

17  an award of reasonable expenses to the party who opposed the motion.  Fed. R. Civ. P.

18  37(a)(5)(B).

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

21-cv-0667-H(BLM)

1   Here, Plaintiffs are seeking fees, not Defendant.  The Court denied Plaintiff's motion to

2   compel documents on the basis that the motion was untimely, but also ordered Defendant to

3   produce certain documents on the ground that they are clearly relevant, should have been

4   produced to Plaintiffs, and Plaintiffs made significant efforts to persuade Defendant to

5   supplement their discovery responses.  In light of all of the circumstances, the Court finds it

6   inappropriate to award "fees related to making this motion" to Plaintiffs and the request is

7   **DENIED**.

8   **IT IS SO ORDERED.**

9   Dated:  3/21/2022

10  Hon. Barbara L. Major
    United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21-cv-0667-H(BLM)